[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that his criminal trial attorney, Stephen V. Moran, was ineffective in assisting him in that he failed to challenge the search warrant issued for a search of the petitioner's apartment for the license plate and registration papers seized therein and in the second count his failure to investigate the evidence available to the state and the risk of the sentence to be imposed if unsuccessful at trial compared to the plea bargain.
The petitioner's arrest and conviction arise from an event which was alleged to have occurred on March 4, 1993 shortly after 8:00 a.m. at the intersection of West Preston and Newbury Streets in Hartford when a Mercury Sable owned by the petitioner collided with a blue-colored Jeep and caused it to roll over resulting in the death of the operator and injuries to the two (2) passengers. The Mercury left the scene and was found parked at the petitioner's home in Wethersfield with damage to the driver's front consistent with the collision, with a Massachusetts registration plate held in place by one screw. A check with the Massachusetts Motor Vehicle Department reported that the plate did not register with the vehicle. An eye-witness to the collision reported to the police that the Mercury ran the stop sign going at high speed colliding with the Jeep and continued then south on Newbury Street and had a Connecticut registration plate 801-HTU which was seized from the petitioner's apartment by virtue of a search and seizure warrant later that same day. As the police were looking over the damaged Sable another car was passing through the neighborhood slowly and then left. It was stopped at a near-by mall and an occupant, Jason Diaz, stated that he was a friend of the petitioner's who had called him between 8:00 and 8:15 a.m. that day to ask him if he knew someone who could fix his car because he had just been in an accident. The police then went to the petitioner's door and the petitioner admitted ownership of the car but that his girlfriend had both sets of keys. A pat-down revealed one set in his pocket and another set was observed on a counter, both of CT Page 5600 which the petitioner admitted were keys to the car. A search and seizure warrant was requested for the apartment to look for the missing registration plate. A protective sweep was made of the apartment and a plastic bag of white powder was seen sticking out of a jacket pocket in one of the closets. A second warrant was requested for narcotics. The second warrant resulted in finding two one-pound bags of cocaine. See Petitioner's Exhibit4. After an unsuccessful hearing on suppression of narcotics he pleaded Nollo Contendere to Negligent Homicide, Evading Responsibility and Reckless Driving and to Possession of Narcotics with intent to sell by a non-drug dependent person.
The petitioner called himself, his girlfriend, Maribeth Santana, and his friend, Jason Diaz, along with several Hartford and Wethersfield police officers, Lt. Michael Manzi, Det. Jeffrey Falk, Lt. James Mull, Det. Mark Miele and Det. Ray Cruz. The search and seizure warrant on the motor vehicle charges was introduced as Petitioner's Exhibit 2. but the transcript of the hearing on the motion to suppress narcotics was only marked for identification having been decided by the Appellate Court (141 Conn. App. 772; cert. den. 239 Conn. 907).
The petitioner testified that he was asleep in his apartment when the police came to the door at 11:00 a.m. They asked about his car and if he was out that morning. He said his car was a Mercury Sable but inoperable because it overheated and nobody could fix it. He knew nothing about damage to the front end or the Massachusetts license plate. His girlfriend who stayed in the apartment 3 or 4 nights per week had a key for it but had left at 9:10 a.m. for school by cab after staying the night. He had not been out of the apartment since the night before except to go to New Britain with Jason Diaz to see about picking up a Jeep Cherokee. He recalls being arrested and Moran being assigned as his attorney. He claimed Moran did not discuss the warrants with him. After the suppression hearing was unsuccessful he pleaded Nollo Contendere so that the suppression issue could be appealed.
Maribeth Santana testified that during 1993 she was dating the petitioner and staying overnight at his apartment 3 or 4 times per week. She knew nothing about a Mercury Sable nor that the petitioner had a motor vehicle. She had her own vehicle which her father had purchased for her. On March 4, 1993 she had an early morning class and left by cab about 9:00 a.m. She had slept over the night before in the bedroom and the petitioner CT Page 5601 had slept in the livingroom. She did not know if he was awake before she left for school.
Jason Diaz testified that on March 4, 1993 he was on his way over to the petitioner's apartment about noon because the petitioner had called him about getting his car fixed. Jason's mother's boyfriend was a mechanic. He couldn't remember whether the petitioner had called him to pick up the car. It couldn't keep oil in it. He saw cops all around the place and didn't want to get involved with an arrest for drugs so he didn't stop but he was stopped by the police. He gave a statement to the Wethersfield police and one to the Hartford police. He was shownRespondent's Exhibit A and recognized his signature but all the information in it was false.
Det. Cruz testified that he was the lead investigator for the homicide and radioed the description and plate number obtained from an eye-witness to local police departments. He I went with debris from the scene to the petitioner's apartment on the Wethersfield police notification of the petitioner's damaged vehicle. It matched the description of the eye-witness and the debris collected from the scene of the collision matched the damaged front end. However the plate was a Massachusetts plate. After speaking to the petitioner who was evasive as to having the keys to the car and finding him with two sets and admittedly being alone in the apartment since 9:00 a.m., Det. Cruz determined that the license plate had been changed that morning and the Connecticut plate would be found in the apartment. He therefore felt he had probable cause for a search warrant and made application and applied for one. The execution of the warrant turned up the missing plate from the apartment.
The court found the petitioner to have given much false information to the police and continued with false testimony before the court. Jason Diaz was likewise not credible in denying the contents of his statement, Respondent's Exhibit A, since it is consistent with the time and the travel of the petitioner from Jason's home on Allen Place to Wethersfield in the collision occurring on Newbury Street as well as to the reason Jason showed up in the vicinity of the petitioner's apartment around noon in an attempt to repair damages to the petitioner's car.
A successful petitioner must show that there is reasonable probability that but for counsel's unprofessional errors, the CT Page 5602 result of the proceedings would have been different. Copas v.Commissioner, 234 Conn. 139 (1995); Strickland v. Washington,466 U.S. 668, 694. The petitioner has failed to overcome the presumption that, under the circumstances, the challenged action might be considered sound strategy. Under the totality of the I, circumstances test, counsel would have to conclude that the affidavit of the search warrant (Petitioner's Exhibit 1) for the license plate contained sufficient probable cause to issue as it did. State v. Rodriguez, 223 Conn. 127, 135. His best chance would be to challenge the warrant for the narcotics discovered in I the protective sweep. Unfortunately for the petitioner he brought on the protective sweep and the inevitability of discovery ruling by the Appellate Court through his own untruthfulness with the police. See State v. Degourville,41 Conn. App. 772, 779.
Even if counsel's performance was not to fall within Conn. 352, 359, the petitioner has not shown that the result would have been different. Criminal trial counsel wisely obtained :the best deal possible and still offered the hope of a successful appeal on the narcotics suppression motion.
For the above reasons the petition is denied.
Thomas H. Corrigan Judge Trial Referee